**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL DEAN SHEETS, | No. 2:21-CV-0301-JAM-DMC-P |
| Petitioner, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| KATHLEEN ALLISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 16. Respondent has lodged relevant state court records, ECF No. 18. Petitioner has filed an opposition, ECF No. 19, and Respondent has replied, ECF No. 20. Petitioner has also filed a response to Respondent's reply, ECF No. 22. According to Respondent, Petitioner's sole claim for compassionate release is unexhausted and fails to state a cognizable federal habeas claim.

///
///
///
///
///

1

### I. BACKGROUND

This action proceeds on Petitioner's first amended petition. See ECF No. 8. Petitioner states that he was convicted in 1992 after a jury trial on various counts of robbery and kidnapping. See id. at 1. For his sole ground for relief, Petitioner states: "Compassionate release/reduction of sentence due to national emergency." Id. at 4. Attached to Petitioner's amended petition is a December 7, 2020, order of the California Court of Appeal stating: "Petitioner's emergency petition for a reduction in sentence or compassionate release is treated as a petition for writ of habeas corpus, and as such, is denied." Id. at 10-11; see also ECF No. 18-8 (lodged state court record).

### II. DISCUSSION

Respondent argues that this case must be dismissed because Petitioner's claim is unexhausted and not cognizable. The Court agrees.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

///

///

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Resolution of this matter is thus simple – it should be dismissed as unexhausted because there is no evidence Petitioner ever presented his claim – assuming it is cognizable – to the California Supreme Court.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 16, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE